CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

8/11/2025

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| AMIR KAARIA EL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:25-cv-00005 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. ADDISON EVERETT WOOD, | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendant. | ) | |

Plaintiff Amir Kaaria El-Bey ("Plaintiff"), proceeding *pro se*, filed a civil suit against Defendant Dr. Addison Everett Wood ("Defendant"), alleging medical malpractice and breach of contract. Defendant has moved to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the court will grant Defendant's motion and dismiss Plaintiff's claims.

## I.   PLAINTIFF'S ALLEGATIONS

The facts are taken from Plaintiff's complaint and, for purposes of the present motion, are treated as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's claims arise from events occurring while Plaintiff was on temporary medical leave from his job as a FedEx Engineer. Plaintiff alleges that he was scheduled for "temporary medical disability" from July 8, 2024, to January 1, 2025, after his physician, Dr. Anderson, diagnosed Plaintiff with high cholesterol and Type 2 diabetes (due to his elevated A1C). (*See* Compl. at 4 [ECF No. 1].) Plaintiff's insurance carrier agreed to pay him 60% of his standard salary during his medical leave, provided that the insurance carrier received progress reports from Plaintiff's medical provider "to prove the treatment was working." (*Id.*)

On October 8, 2024, Plaintiff attended a "progress report appointment" at Sovah Health Hospital in Danville, Virginia. (*Id.*) Because Dr. Anderson was out of the country, Plaintiff saw Defendant. (*Id.*) During this appointment, Defendant noted that, although Plaintiff's cholesterol remained high, his A1C had dropped from 7.7 to 5.5 in the past 90 days. (*Id.*) Plaintiff asked Defendant to fill out the progress report and fax it to Plaintiff's insurance provider by the end of the business day. (*Id.*) But Defendant failed to do so, instead sending the progress report two weeks later. (*Id.*) In addition to its tardiness, Plaintiff alleges that Defendant "left out three pages" and wrote "no significant change on the progress report" despite the drop in Plaintiff's A1C. (*Id.*)

Plaintiff further alleges that Defendant changed Plaintiff's return to work date from January 1, 2025, to October 9, 2024, the day after Plaintiff was examined by Defendant, "illegally," as Defendant "wasn't [his] attending physician." (*Id.* at 4–5.) Following this change, his employer cancelled his medical leave—without his knowledge, according to him. (*Id.*) Because his leave was unknowingly cancelled, when he failed to return to work Plaintiff's employment with FedEx was terminated on December 18, 2024, and his insurance carrier has been "coming after [him] for the pay [he] received." (*Id.* at 4–5.)

On December 30, 2024, Plaintiff filed a complaint against Sovah Health, Defendant's "governing body," with the Department of Health Professionals ("DHP"). (*Id.* at 5.) On February 1, 2025, Plaintiff was contacted by Gayle Miller, his DHP Investigator. (*Id.* at 6.) Plaintiff alleges that she suggested he bring this suit, which Plaintiff filed on February 6, 2025. (*Id.*) Defendant filed the present motion to dismiss on March 20, 2025. (ECF No. 13.) The

motion has been fully briefed by the parties. The court has reviewed Plaintiff's allegations, the arguments of the parties, and the applicable law, making the motion ripe for disposition.

## II.    STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Motions to dismiss under Rule 12(b)(1) challenge the court's jurisdiction over the subject matter of the complaint. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "[T]he burden of proving subject matter jurisdiction is on the plaintiff." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Challenges to subject-matter jurisdiction can be presented either facially or factually. *Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 620 (4th Cir. 2018). "In pursuing a facial challenge, the defendant must show that a complaint fails to allege facts upon which subject-matter jurisdiction can be predicated." *Id.* at 621 n.7. On the other hand, to sustain a factual challenge a defendant must demonstrate that the "jurisdictional allegations of the complaint are not true." *Id.* When a defendant challenges the factual basis for subject-matter jurisdiction, "a trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (cleaned up).

### B. Federal Rule of Civil Procedure 12(b)(6)

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiff is proceeding *pro se*, and his "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (2007) (cleaned up). Nevertheless, his complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading or to conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (cleaned up).

## III.   ANALYSIS

Defendant seeks dismissal of Plaintiff's complaint on two grounds: (1) this court lacks subject-matter jurisdiction over Plaintiff's claims; and (2) Plaintiff's complaint fails to state a claim upon which relief can be granted. The court will address each argument in turn.

### A. Subject-Matter Jurisdiction

Subject-matter jurisdiction refers to "the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). "The basic

statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Plaintiff has cited both federal question and diversity of citizenship as the basis for this court's subject-matter jurisdiction over his claims. (*See* Compl. at 3.)

### 1.   Federal Question Jurisdiction

"A plaintiff properly invokes § 1331 jurisdiction when []he pleads a colorable claim 'arising under' the Federal Constitution or laws." *Arbaugh*, 546 U.S. at 501. "Most of the cases brought under § 1331 federal question jurisdiction 'are those in which federal law creates the cause of action.'" *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). In cases where state law creates the purported cause of action, "federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a *substantial* question of federal law.'" *Id.* (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)).

Here, federal law does not create either cause of action. Plaintiff has asserted claims of medical malpractice and breach of contract.[1] Both of these claims arise under state law, and neither involves the resolution of a substantial question of federal law. Therefore, this court does not have subject-matter jurisdiction under 28 U.S.C. § 1331.[2]

---

[1] Plaintiff has failed to clearly identify the claims he is asserting, but based on the factual allegations contained in the complaint, the court interprets Plaintiff's complaint as asserting medical malpractice and breach of contract.

[2] Plaintiff identifies two documents as the basis for this court's federal question jurisdiction: (1) The Moroccan-American Treaty of Peace & Friendship of 1787; and (2) United Nations Declaration on the Rights of Indigenous Peoples. Neither of these documents are related to Plaintiff's claims, and the mere existence of these documents is insufficient to establish subject-matter jurisdiction.

### 2.  Diversity Jurisdiction

"[A plaintiff] invokes § 1332 jurisdiction when []he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh*, 546 U.S. at 501. "To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989)). "Domicile requires physical presence, coupled with an intent to make the State a home." *Id.* (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, (1989); *Jahed v. Acri*, 468 F.3d 230, 236 (4th Cir.2006); *Webb v. Nolan*, 484 F.2d 1049, 1051 (4th Cir.1973)).

Plaintiff alleges that his "permanent state of citizenship is Florida" and that Defendant is a citizen of Virginia. (Compl. at 3.) He also seeks $100,000 in damages. Therefore, accepting the allegations in the complaint as true, *see Iqbal*, 556 U.S. at 678, Plaintiff has met the pleading threshold to invoke this court's jurisdiction under 28 U.S.C. § 1332.

To avoid this, Defendant argues that Plaintiff has failed to allege sufficient facts to establish that he is a citizen of the state of Florida.[3] (Defs.' Mot. to Dismiss at 5.) For facial challenges such as this, the court is required to accept all factual allegations as true. *Hutton*, 892 F.3d at 621 n.7. Accordingly, the court will accept Plaintiff's allegation that he is a Florida citizen as true. Therefore, subject-matter jurisdiction is established under 28 U.S.C. § 1332.

---

[3] Defendant argues that Plaintiff is actually a citizen of Virginia, thereby defeating diversity jurisdiction, and points to several inconsistencies in Plaintiff's filings in support of this position. (These inconsistencies are highly suggestive that Plaintiff's allegation of domicile would be defeated during an evidentiary hearing.) But because Defendant has presented no admissible evidence to support this argument, the court interprets Defendant's subject-matter jurisdiction challenge as being purely facial, rather than factual.

### B. Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), the court considers whether Plaintiff's allegations, taken as true, "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. To make this determination, the court applies the alleged facts to the law and asks, if the plaintiff could prove the facts he alleges, would the law grant him a remedy? "[F]ederal courts sitting in diversity must look to state law for the substantive rights of the parties." *Wideman v. Innovative Fibers LLC*, 100 F.4th 490, 496 (4th Cir. 2024) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)). Therefore, Virginia law governs Plaintiff's claims for medical malpractice and breach of contract.

#### 1. Medical Malpractice

Under Virginia law, "the standard of care by which the acts or omissions are to be judged shall be that degree of skill and diligence practiced by a reasonably prudent practitioner in the field of practice or specialty in this Commonwealth . . . ." Va. Code Ann. § 8.01-581.20. Additionally, "the Virginia Medical Malpractice Act ("VMMA") . . . requires that a party alleging medical malpractice obtain an expert certification of merit prior to serving process upon defendant. Significantly, the failure to comply with this certification requirement is grounds for dismissal." *Parker v. United States*, 475 F. Supp. 2d 594, 596 (E.D. Va. 2007) (cleaned up); *see* Va. Code Ann. § 8.01-20.1.

Plaintiff has failed to comply with the VMMA's certification requirement, as he has not provided an expert certification regarding the merits of his medical malpractice claim. Because Plaintiff did not comply with the applicable law, his medical malpractice claim must be

dismissed. *Accord Callahan v. Cho*, 437 F. Supp. 2d 557, 564 (E.D. Va. 2006) (dismissing a claim for failure to comply with West Virginia's "screening certificate requirement").

### 2. Breach of Contract

Insofar as Plaintiff is asserting a claim for breach of contract, this claim also fails. "The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004) (citing *Brown v. Harms*, 467 S.E.2d 805, 807 (Va. 1996); *Fried v. Smith*, 421 S.E.2d 437, 439 (Va. 1992); *Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 379 S.E.2d 316, 317 (Va. 1989)).

Plaintiff alleges that Defendant improperly filled out his "progress report." (*See* Compl. at 5, 14.) But, importantly, Plaintiff has failed to allege that Defendant had a legal obligation to fill out his progress report in a particular manner, or that Defendant violated that obligation.[4] While Plaintiff has alleged that Defendant's conduct injured Plaintiff, Plaintiff has not alleged that this conduct violated a legally enforceable obligation. *See Filak*, 594 S.E.2d at 614. Therefore, the facts alleged are insufficient to establish a claim for breach of contract, and Plaintiff's claim must be dismissed.

---

[4] Insofar as Plaintiff's allegations can be interpreted that Defendant "promised" to submit the form by the end of the day, that promise did not create an oral contract. "[T]he proponent of [an] oral contract has the burden of proving all elements of a valid enforceable contract." *Richardson v. Richardson*, 392 S.E.2d 688, 690 (Va. Ct. App. 1990). "A contract requires an offer, acceptance, and valuable consideration. For an oral contract to be valid and enforceable in Virginia, the terms of the contract must be 'reasonably certain, definite[,] and complete to enable the parties and the courts to give the agreement exact meaning.'" *Lamers v. Organizational Strategies, Inc.*, No. 1:08cv101, 2008 WL 779516, at *3 (E.D. Va. Mar. 24, 2008) (quoting *Richardson*, 392 S.E.2d at 690). Here, as alleged by Plaintiff, Dr. Wood simply affirmed an intent to submit the paperwork within a set period of time; there was no consideration. "Put succinctly, there was no definite bargained-for exchange in [their] conversations." *Id.*

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted and Plaintiff's complaint will be dismissed.

The Clerk is directed to forward copies of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 11th day of August, 2025.


*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE